UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GREGORY TUCKER,

                              Petitioner,

      -against-

SUPERINTENDENT THOMAS GRIFFIN,

                              Respondent.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

15-CV-5783 (ENV)

VITALIANO, D.J.

On October 7, 2015, *pro se* petitioner Gregory Tucker filed an application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a state court judgment of conviction. Pet., Dkt. 1. For the reasons discussed below, his petition is dismissed as moot.

## Background

After a 2010 jury trial in Kings County Supreme Court, Tucker stood convicted of one count of rape in the first degree and one count of criminal sexual act in the first degree. He was sentenced to a term of imprisonment of 25 years to life. Trial Tr. at 273, 286, Dkt. 5-2. In October 2015, he filed this petition, which the state opposed. *See* Resp. to Order to Show Cause, Dkt. 5. By letter dated December 12, 2018, Deborah Tucker, petitioner's wife, advised the Court that petitioner had passed away in November 2017 and requested a decision on his petition. *See* Dec. 12, 2018 Letter, Dkt. 7. A search of the New York State Department of Corrections website confirms that Tucker died in November 2017.[1]

---

[1] http://nysdoccslookup.doccs.ny.gov/.

1

## Discussion

Under federal law, a court may grant a writ of *habeas corpus* to a petitioner who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On his call home from God in 2017, Tucker was released from state custody by an infinitely higher authority. His release from "custody" by death renders the petition moot. *See, e.g., Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000); *Rivera v. Pearlman*, No. 02-CV-2399 (LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004); *Zaker v. Artus*, No. 04-CV-886A, 2007 WL 1521621, at *1 (W.D.N.Y. May 22, 2007); *Sacco v. U.S. Parole Comm'n*, No. 9:07-CV-0078, 2008 WL 4426585, at *1 (N.D.N.Y. Sept. 25, 2008). Moreover, it is not within the constitutional authority of federal courts to "give opinions upon moot questions", *see Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (citation omitted), not even to the widow of a *habeas* petitioner.

## Conclusion

In line with the foregoing, Tucker's petition is dismissed as moot. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c).

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Deborah Tucker, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York

January 15, 2019

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO

United States District Judge